IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GEORGINA MACKIE,

    Plaintiff,
v.                                                      CASE NO. 1:07-cv-00098-MP-WCS

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 22, Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") and Doc. 23, Motion for Attorney Fees Pursuant to 42 U.S.C. § Sec. 406(b) by Georgina Mackie.  The  government does not object to the EAJA fees, but reminds the Court that, if the claimaint's attorney receives both EAJA fees and fees under 406(b), the attorney must refund the smaller amount to the claimant.

With regard to the 406(b) fees, the questions presented are whether awarding the amount requested under the contingency fee agreement is reasonable, and, if it is not, what constitutes a reasonable fee.  Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002).  In Gisbrecht, the Supreme Court examined conflicting methods of calculating fees under § 406(b) in various circuits.  The Court concluded that § 406(b) does not displace contingency fee arrangements as the primary means by which fees are set  for representing Social Security claimant in court. Gisbrecht, 535 U.S. at 807, 122 S.Ct. 1817. The Court found that Congress had determined that contingency fee agreements would be unenforceable if they exceed twenty-five percent, but within that boundary the attorney need only show that the fee sought is "reasonable for the services rendered." Id. The Court directed, "If the benefits are large in comparison to the amount

of time counsel spent on the case, a downward adjustment is similarly in order." Id. at 808, *citing* Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) with a parenthetical stating "reviewing court should disallow 'windfalls for lawyers.'"

The government did not set out a specific objection, stating, "Defendant has no specific objection to the amount of fee requested by Plaintiff's counsel. Defendant respectfully asks only that a reasonable attorney's fee be awarded to counsel for the work expended on Plaintiff's behalf." The Court determines that given all of the circumstances of the case, including uncertainty, time spent out of court, quality of the work, and level of success, the Court finds that the requested amount of fees, $15,001.50, is reasonable. See Doc. 23, pp. 3-4 (listing the hours expended and other circumstances of the case).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motions for EAJA fees, doc. 22, and for 406(b) fees, doc. 23, are granted, although the Claimant's counsel shall refund to the Claimant the EAJA fee amount.

**DONE AND ORDERED** this _6th_ day of August, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge